UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SCOTT POLLY | ) | Case No. 08-15663-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| WOODBURN VILLAGE CONDOMINIUM | ) | |
| UNIT OWNERS ASSOCIATION | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT POLLY, *et al.* | ) | |
| | ) | |
| Respondents | ) | |

**MEMORANDUM OPINION**

A hearing was held on November 5, 2008, on (a) the motion of Woodburn Village Condominium Unit Owners Association ("the Association") for relief from the automatic stay to enforce a prepetition garnishment of the debtor's checking account at Chevy Chase Bank ("Chevy Chase"); and (b) the opposition of the debtor seeking damages and attorney's fees for the Association's willful violation of the automatic stay in directing the bank not to release the garnished funds to the debtor. The court ruled from the bench that relief from the automatic stay would be denied because the Association's execution lien was likely to be avoided and that sanctions would be denied because the Association's letter to Chevy Chase did no more than ask the bank to preserve the status quo until a court ruling could be obtained. Following the hearing, the court entered an order directing Chevy Chase to pay the garnished funds over to the chapter 7

1

trustee. The purpose of this memorandum opinion is to explain more fully, for the benefit of the parties and any reviewing court, the reasons for the court's ruling.

Background

Scott Polly ("the debtor") is a real estate agent. He filed a voluntary petition in this court on September 16, 2008, for relief under chapter 7 of the Bankruptcy Code and has not yet received a discharge. Gordon P. Peyton has been appointed interim trustee, and a meeting of creditors under § 341 of the Bankruptcy Code is scheduled for November 20, 2008.[1] Among the assets listed on the debtor's schedules is a checking account at Chevy Chase Bank with a balance of $269.15, which the debtor has claimed exempt under the Virginia homestead exemption, § 34-4, Code of Virginia. The Association is listed on the schedule of debts as the holder of an unsecured claim in the amount of $2,568.59.

Prior to the bankruptcy filing, the Association had obtained a judgment against the debtor in the General District Court of Fairfax County, Virginia, and had subsequently sued out a garnishment summons which was served on Chevy Chase and was returnable to October 8, 2008. The bank answered the summons stating that it was holding $2,022.28, which evidently represented the account balance on the date the garnishment summons was served. Prior to the return date, the debtor filed a suggestion of bankruptcy with the state court. At some point shortly thereafter, there was a telephone call between debtor's counsel and the attorney for the Association. The telephone call was followed up by an email from the Association's attorney to debtor's counsel on September 22, 2008, taking the position that a garnishment was analogous to

---

[1] The meeting of creditors was originally scheduled for October 22, 2008, but was rescheduled for reasons unknown to the court.

a tax levy and divested the debtor of any ownership interest in the garnished funds.  The email further stated:

> [I]t is our position that we are entitled to those funds.  We will inform the bank of the bankruptcy filing, but note that we intend on arguing our claim to the funds with the court and that nothing should be released, until such time as the court instructs such.

On September 24, 2008, counsel for the Association wrote Chevy Chase, notifying the bank that the debtor had filed a bankruptcy petition and stating,

> The Plaintiff in this action intends on seeking recovery of the funds you are currently holding in this matter, if any.  Therefore, we request that you do not release the funds until and only if the Court advises you to do so.

That same day, debtor's counsel wrote to counsel for the Association asserting that any attempt by the Association to "move forward" with the garnishment would violate the automatic stay and advising the Association's attorney "that any further action against the debtor will expose you and your client to damages, including costs and attorneys fees, and possibly punitive damages." On October 6, 2008, the Association—apparently in response to the letter from debtor's counsel—filed the motion that is presently before the court asking that the automatic stay be lifted "so that [the Association] may proceed with enforcement of its lien," or, alternatively, that the court enter an order "ensuring adequate protection of [the Association's] rights in the Funds." The debtor responded by filing an answer requesting that damages and attorneys fees be awarded against the Association for having directed Chevy Chase not to release the garnished funds.

3

Discussion

A.

At the outset, it is necessary to clarify exactly what interest the Association acquired as a result of the garnishment. In the email exchange with debtor's attorney, the Association took the position that service of the garnishment summons divested the debtor, and thus the bankruptcy estate, of any interest in the funds. In its motion for relief from stay and at the hearing, the Association appears to have abandoned that position and instead argues that it was a lien creditor. The court agrees that the Association is simply a lien creditor. The Association's divestment-of-ownership argument was based on a published opinion by Judge Tice of this court, that addressed the effect of an prepetition Internal Revenue Service levy on commissions owed to the debtor. *In re Eisenbarger*, 160 B.R. 542 (Bankr. E.D. Va. 1993). Based on the statute and regulations governing federal tax levies, and distinguishing the Supreme Court's decision in *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)—which had held that tangible property levied on by the IRS prior to the filing of a chapter 11 petition remained property of the estate under § 541, Bankruptcy Code, until sold to a bona fide purchaser at a tax sale and was therefore subject to turnover under § 542—Judge Tice held that "once notice of levy has been served on cash or a cash equivalent, nothing more is required to transfer ownership to the government, and the taxpayer's interest in the levied property will have been extinguished." *Eisenbarger,* 160 B.R. at 545.

Whatever may be the rule with respect to an IRS levy, a garnishment under Virginia law is a very different creature. As explained by the Fourth Circuit,

> Under Virginia law, a money judgment is enforced by the issuance of a writ of fieri facias and delivery of the writ to a "proper officer" of the court for

enforcement.  See Va. Code Ann. § 8.01-466 (1992).  The writ commands the officer "to make the money therein mentioned out of the goods and chattels of the person against whom the judgment is."  Va. Code Ann. § 8.01-474 (1992).  When the property is not subject to levy pursuant to the writ of fieri facias, it nevertheless becomes subject to a lien upon delivery of the writ to the sheriff or other officer.  Va. Code Ann. § 8.01-501 (1992).  And when the property is in the hands of a third person, the lien of execution may be enforced through a garnishment proceeding.  See Va. Code Ann. § 8.01-511 (1992).

Under Virginia law, a garnishment proceeding is a separate proceeding in which the judgment creditor enforces the "lien of his execution" against property or contractual rights of the judgment debtor which are in the hands of a third person, the garnishee.  *Lynch v. Johnson*, 84 S.E.2d 419, 421 (1954);  see also *Butler v. Butler*, 247 S.E.2d 353, 354 (1978).  The summons issued in a garnishment proceeding "warns" the garnishee not to pay the judgment debtor's money to the judgment debtor, with the sanction that if the garnishee were to do so, it would become personally liable for the amount paid.  *Lynch*, 84 S.E.2d at 421.  Thus, "the creditor 'does not acquire a clear and full lien upon the specific property in the garnishee's possession, but only such a lien as gives him the right to hold the garnishee personally liable for it or its value.' "  *Id.* at 421-22.  *In other words, by act of garnishment, the judgment creditor does not replace the judgment debtor as owner of the property, but merely has the right to hold the garnishee liable for the value of that property*.

*United States f/u/o Global Bldg. Supply, Inc. v. Harkins Builders, Inc*. 45 F.3d 830, 833-4 (4th Cir. 1995) (emphasis added).  Because, under Virginia law, the judgment creditor "does not replace the judgment debtor as the owner of the property," it is clear that the funds withheld by Chevy Chase, and not yet paid over, remained property of the debtor and thus property of the bankruptcy estate.

B.

Although, as the Association argues, its execution lien on the garnished funds technically makes it a secured creditor, the value of such a lien is largely illusory, since it is almost certainly subject to avoidance either by the debtor (if the debtor is an individual) or by the bankruptcy

5

trustee.[2] If the debtor properly claims the funds as exempt, he or she may bring a motion under § 522(f), Bankruptcy Code, to avoid the lien as impairing an exemption.[3] *See In re Wilkinson*, 196 B.R. 311, 322 (Bankr. E.D. Va. 1996) ("If the bankruptcy petition is filed *before* the order of payment is entered in the garnishment proceedings, an individual debtor may (to the extent of his available exemptions) claim the funds withheld as exempt and avoid the fixing of the execution lien under Sec. 522(f)."). If the debtor, for whatever reason, fails or is unable to claim the garnished funds exempt, and if the lien attaches—as it did here—within 90 days prior to the filing of the bankruptcy petition, the trustee may bring an adversary proceeding to avoid the lien as a preference § 547(b), Bankruptcy Code.[4]

It is true that in the present case the debtor has not scheduled the garnished funds as an asset, nor has he claimed them as exempt.[5] The debtor, however, is free to amend his schedules. Fed.R.Bankr.P. 1009(a). The exemptions potentially available to the debtor include the Virginia homestead exemption. Va. Code Ann. §§ 34-4 *et seq*. Under the homestead exemption, an individual debtor may exempt up to $5,000 of real or personal property—with additional

---

[2] Indeed, even outside bankruptcy, a garnishment lien can be defeated by filing a homestead deed at any time prior to the entry of an order of payment. *Wilson v. Virginia National Bank*, 214 Va. 14, 15, 196 S.E. 2d 920, 921 (1973).

[3] Section 522(f)(A), Bankruptcy Code, provides that a debtor may avoid a judicial lien—other than a lien securing a "domestic support obligation" (i.e., child support or alimony)—"to the extent that the lien impairs an exemption to which the debtor would have been entitled."

[4] Section 547(b), Bankruptcy Code, provides that the trustee may avoid a "transfer"—which includes the creation of a lien—(1) to or for the benefit of a creditor (2) on account of an antecedent debt, (3) made while the debtor was insolvent, (4) made within 90 days prior to the filing of the bankruptcy petition, and (5) that enables the creditor to receive more than the creditor would have received in a chapter 7 liquidation had the transfer not been made.

[5] Debtor's counsel stated at the hearing that he relied on the account balance reported by Chevy Chase, which, presumably, would not have included the funds withheld.

amounts being allowed if the debtor has dependents or is a disabled veteran—by filing for record an instrument known as a homestead deed in the clerk's office of the circuit court for the city or county where the debtor resides, or, if real estate is claimed, where the property is located. Va. Code Ann. §§ 34-4, 34-4.1, 34-6, 34-13, 34-14, and 34-17. The debtor's schedules show that he has claimed only $290.00 of his homestead exemption.  Thus, unless the debtor has previously exhausted his homestead exemption, he would appear to have the ability, by amending his schedules, to claim the entire garnished amount as exempt.  Additionally, he would have until five days after the meeting of creditors—which has not yet been held—to perfect the exemption by filing a homestead deed (or an amended homestead deed if one has already been recorded). Va. Code Ann. § 34-17.  But, as noted, even if the debtor fails to claim the exemption or to perfect it by timely filing a homestead deed in the proper jurisdiction, the trustee would have both the power and the incentive to avoid the garnishment lien as a preference so that he could administer the funds for the benefit of the bankruptcy estate.

It is precisely because there is little if any real possibility that the Association's execution lien will not be avoided that the court declined to order any specific form of adequate protection.[6]  Because the garnished funds would plainly fall within the definition of "cash collateral," the trustee would be normally be unable to use them unless the Association consented or the court authorized their use, which the court could do only if it found that the Association's lien were adequately protected.  §§ 361 and 363(a), (c)(2) and (e), Bankruptcy

---

[6] In the order directing Chevy Chase to pay the funds over to the trustee, the court did provide that the funds paid over to the trustee would—subject to any avoidance proceedings—remain impressed with any execution lien in favor of the Association that became fixed prior to the filing of the bankruptcy petition.

Code. Once a lien is avoided, however, no further protection is required. If avoidance were at all in doubt, the Association would plainly be entitled to adequate protection of its lien until the matter could be sorted out. Here, however, the court simply cannot find that there is any likelihood that the lien will not be set aside.

C.

This leaves for consideration the debtor's request that the Association be sanctioned for directing Chevy Chase not to release the funds "until and only if the Court advises you to do so." As a threshold matter, the court notes the ambiguity of the reference to "the Court," which in context might refer either to the state court to which the garnishment was returnable or to this court. Had the Association attempted to argue its entitlement to the funds to the state court, there is no doubt that its actions would have violated the automatic stay. And, frankly, there is at least a whiff both in the email to debtor's counsel and the letter to Chevy Chase that the Association may have intended to do just that. Fortunately, however, wiser heads prevailed, and the Association instead brought the current motion for this court to determine the issue. Since the purpose of the automatic stay is to protect both the debtor and the bankruptcy estate by maintaining the status quo until any competing interests have been sorted out by the bankruptcy court, it is difficult to see how a mere direction to the bank to await a court order as to the proper disposition of the funds can be said to be a violation of the automatic stay, at least so long as the Association did not also take the forbidden step of attempting to obtain an order of payment from the state court.

Moreover, the debtor's request for sanctions is premised on the incorrect notion that the debtor had an immediate right to the funds. That is simply not the case. The funds in the bank

8

account, including those that Chevy Chase was holding in response to the garnishment summons, became property of the estate on the date the bankruptcy petition was filed. § 541(a), Bankruptcy Code. An entity in possession, custody, or control of property that the trustee may use, sell, or lease, *or that the debtor may exempt*, is required to deliver it *to the trustee* unless the property is of inconsequential value or benefit to the estate. § 542(a), Bankruptcy Code. Thus, while a judgment creditor is required to take affirmative steps to ensure that a garnishment is *stopped* when a bankruptcy is filed,[7] that is a different issue from whether the funds withheld prior to the bankruptcy filing must be released *to the debtor*. Technically, if they are to be released to anyone, it is the trustee. It is true that in some instances—particularly when small amounts are involved and the bankruptcy case otherwise appears to be one in which no distribution will be made to creditors—trustees may be reluctant to assume temporary custody of funds that, at the end of the day, they will simply have to turn over to the debtor. But the fact remains that at the time the debtor's counsel made demand on the Association to release the garnishment, the debtor's exemption of the funds was not yet established, and the funds remained property of the bankruptcy estate. The funds will not cease to be property of the estate until 30 days following the conclusion of the meeting of creditors, and, even then, only if the

---

[7] One of the debtor's complaints at the hearing was that Chevy Chase had apparently blocked the debtor from *all* access to the account, thereby preventing the debtor from writing checks against the remaining balance in the account or, possibly, even (although the facts were unclear) against funds that had been deposited post-petition. There was no evidence presented, however, that would permit the court to make factual findings to determine the extent of, and reasons for, any restrictions on the debtor's ability to access his account. The court simply notes that, regardless of the ultimate disposition made of any funds withheld *prior* to the filing of the bankruptcy petition, a creditor must take *affirmative* steps to ensure that *no* funds are withheld from *postpetition* earnings or *postpetition* bank deposits. *In re Manuel*, 212 B.R. 517 (Bankr. E.D. Va. 1997).

debtor amends his schedules and perfects the exemption by properly files a homestead deed. § 522(*l*), Bankruptcy Code; Fed.R.Bankr.P. 4003. In the meantime, the trustee has a superior right to the funds.

## Conclusion

In summary, the funds withheld by Chevy Chase in compliance with the garnishment summons remained property of the debtor, and thus became property of the bankruptcy estate. Although the Association, by virtue of its garnishment, acquired an execution lien on the funds, its lien is subject to avoidance and is therefore entitled to only the most limited protection. Finally, although the court questions the Association's wisdom and motives in not simply conceding the issue,[8] the court cannot find that requiring the debtor to jump through the hoops of bringing a lien avoidance action, and seeking to preserve the funds in the interim, is a violation of the automatic stay.

---

[8] As this court has previously observed:

> In practice, it should rarely be necessary to resort to a formal lien avoidance motion where a pending garnishment against an individual debtor has been stayed as a result of the bankruptcy filing. To the extent the debtor properly exempts the funds that have been withheld, but not yet paid over, such exemption trumps the execution lien, and the debtor is entitled to the funds. Unless, therefore, the funds withheld have previously been turned over to the trustee, they should be paid to the debtor once the debtor's exemption is established.

*In re Wilkinson*, 196 B.R. 323, 322 n.8 (Bankr. E.D. Va. 1996) (internal citations omitted). As noted above, an important consideration is that state law itself allows a garnishment lien to be defeated by the simple expedient of recording a homestead deed prior to entry of an order of payment. *Wilson v. Virginia National Bank*, 214 Va. 14, 15, 196 S.E.2d 920, 921 (1973). Since once bankruptcy intervenes, the automatic stay prevents the creditor from obtaining an order of payment, the debtor could, after recording his homestead deed, simply appear before the state court and obtain dismissal of the garnishment without the need for bringing a lien avoidance motion in the bankruptcy court.

A separate order has been entered directing release of the funds to the trustee without prejudice to the claimed execution lien, but also without prejudice to the debtor's and the trustee's right to bring an appropriate avoidance proceeding.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

Copies to:

Lella Amiss E. Pape, Esquire
Rees Broome, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, VA 22182
Counsel for Woodburn Village UOA

Sean E. Underwood, Esquire
Law Office of Sean E. Underwood
2121 Eisenhower Avenue
Suite 200
Alexandria, VA 22314
Counsel for the debtor

Scott Polly
2935 Monticello Drive
Falls Church, VA 22042
Debtor

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA  22314
Chapter 7 trustee

Chevy Chase Bank
7030 Little River Turnpike
Annandale, VA  22003